U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED

FEB 28 2008

LORETTA G. WHYTE
CLERK

08-1140

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**DERALD JOHNSON**

**VERSUS**

**STATE OF LOUISIANA
AND DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS**

RE: Docket No: 3945
23rd Judicial District Court
Parish of St. James

**SECT. C MAG 2**

## PETITION FOR THE GREAT WRIT OF HABEAS CORPUS

NOW INTO COURT, through the undersigned counsel comes Mr. Derald Johnson,

Habeas petitioner herein, who respectfully presents this application for the issuance of the Great

Writ of Habeas Corpus Ad Subjiciedum, pursuant to united States Constitution, article 1, section

7, Louisiana Constitution article 1, section 21, and Louisiana Code of Criminal Procedure Article

R.S. 14:00, article 351-354, La. C. Cr. P. article 3612 (5) (6), and La. C.Cr.P. 267, based on the

following just causes to wit:

Petitioner Mr. Derald Johnson #511852 was incarcerated in St. James Parish Court,

Louisiana, in the St. James Parish Correctional Center located 27268 Hwy. 21, at 5800 Highway

44 and now currently incarcerated Rayburn Correctional Center located in Angie, Louisiana

Department of Public Safety and Corrections.

Mover was taken into custody via arrest by the St. James Parish, Sheriff Office on or

about booked on a fugitive warrant/hold on September 12, 2002 to December 31, 2002. Then

release to custody of 46th District St. John Parish Sheriff on or about December 31, 2002 to

March 20, 2003, release. State has not produce habeas within the prescribed period. Released

issued from 40th St. John Parish Sheriff Office by Honorable Judge Sterling Snowdy 40th of the

**TENDERED FOR FILING**

**JAN 3 1 2008**

U.S. DISTRICT COURT
Eastern District of Louisiana

1

___ Fee _____
___ Process_____
X  Dktd _____
___ CtRmDep_____
___ Doc. No_____

court of St. John Parish State of Louisiana. Attorney represented the defendant and petitioner Derald Johnson was Attorney Mr. Richard Stricks. Now being incarcerated by St. James Parish Sheriff Office again on July 18, 2003 to present and was (not booked under any fugitive warrant/hold). A bond was set at $106,5000.00; then reduce to $50.000.00 and reset bond for extradition hearing issues back to 106,500.00 Proceeding by filed petition for the Great Writ of Habeas Corpus was filed by Mr. Peter Q. John from O'Neal Law Firm into court extradition bond was set but not honored by the 23rd District Court. By Magistrate of 23rd Honorable Guy Holdrige, hold still remains and reduce bond not set by the ordered. That defendant and petitioner wish to subpoena all transcript, all written notes, reports, copies of transcript portions or control of the State of Louisiana by both District Judges for the purpose of inspection that are made favorable to the defendant and petitioner to support of his petition for the Great writ of Habeas Corpus to be enforced to relative be issued case close to his defendant Mr. Derald Gene Johnson, and detainer be lifted by Louisiana Department Public and Safety and Corrections.

3.

Mover Trial Attorney Mr. Peter John from O'Neal Law Firm researched and found out that the petitioner was previously held for this hold in St. John Parish, and a hearing was held and he was released after South Carolina has had the opportunity to Act on the hold and they are outside of the statutory requirements in terms of acting on the hold and they are outside the statutory requirements to pick him up. That judicial notice can be taken from the hearing that was held prior to this where that hold was released by another judge (Honorable Judge Sterling Snowdy presiding in the 40th district courts in the St. John Parish in the state of Louisiana.

4.

This defendant shows that there is no probable cause to hold him for said offense and bring this petitioner for a hearing so that a weren't of probale cause may be shone to the Magistrate presiding at such hearing and so that this defendant may be release from confinements of the hold. And Habeas petitioner has exhausted sufficiently all his state remedies and granted the application for a writ.  And to be released from Department Public Safety and corrections detainer   by Dismissal and Discharge of pending charges.  On August 28, 2007 Honorable District Judge ruled on the removal of detainer that South Carolina hold by the State of Louisiana/Department of Corrections.

5.

The defendant shows that depriving him of hearing indirectly affects his right to a fair hearing with assistant Federal Public Defendant representing the defendant as guaranteed by the due process clause of the Fourteenth Amendment of the United States Constitution as incorporated through and made applicable to the State of Louisiana by means of the due process clause of the Fifth Amendment of the United States Constitution as and violates Article 1, section 2 of the Louisiana State Constitution of 1974.

6.

This Habeas petitioner further shows that depriving him of all previous extradition hearing transcript facts will have the effect of deriving him of effective representation of counsel in the defense of said charges, the same being violation of the Sixth Amendment of the United States Constitution which is also made applicable to the State of Louisiana through the due process clause of he Fourteenth Amendment of the United States Constitution.  Again this matter

3

was visited adjudicated on November 27, 2005 and August 28, 2007 Court ordered that the hold resulting from the aforementioned South Carolina charges be release discharge or dismissal.

7.

Mover, petitioner was charged with crime(s) by the State of South Carolina on or about January 20, 1998. On July 18, 2003, mover was detained in the custody of the St. James Parish Department of Corrections and has remained in said custody since that time. Pursuant to La. C.Cr.P. Article 362 (b), mover is entitled to be released from the custody and detainer of Louisiana Department of Corrections and Safety on the grounds that mover has right to "hearing in an extradition case as provided in Article 267.

WHEREFORE, this defendant and petitioner respectfully prays that this Honorable Court that he should be granted a hearing extradition dismissal at which he is represented by counsel after having received reasonable notice of time and place of such hearing, and that after said hearing is held in the interest of justice this defendant and petitioner be granted Assistant Federal Public Defender and should be discharged from the custody or from his bail obligation. Ought to issue its Great Writ of Habeas Corpus and subjiciendum directed to Warden Jeffery Travis, of the Rayburn Correctional Center located at 27268 Highway 21 in Angie, Louisiana, requiring him within seventy two (72) hours to release and discharge of said detainer.

4

## SUBPOENA DUCES TECUM

Now into court comes the defendant and petitioner, Mr. Derald Johnson on the _____ of

_____, 2008, who hereby moves this Honorable Court to

issue subpoena on his behalf to the following individual members to appear and produce

information , transcripts, documents records, notes recordings, or any other items in their custody

or control directly related to the extradition case pending herein between the hold state of

Louisiana has on Mr. Derald Gene Johnson and as specifically follows within:

Mrs. Karne Gaspard,
1105 N. Patrica street
Gonzales, La. 70137

Mr. Peter "O" John
118 H Coursey Boulevard Suite 267
Baton Rouge, La. 70816

Federal Public Defender
Eastern District of Louisiana
500 Poydras Street Suite 318
Hale Bogg Federal Building
New Orleans, La. 70130
Robin E. Schulbeg

Honorable Judge Guy Holdridge
23 Judicial District Court "Div "C"
P.O. Box 1319
Gonzales La. 70707-194

UNITED STATES POSTAGE
NEW ORLEANS

02 1L
000435.0082
MAILED FROM ZIP CODE 7 0430

JAN 30 '08

DERALD JOHNSON #511852
RCC/RAIN-2
27268 HIGHWAY 21
ANGIE LA 70426

LORETTA G WHYTE
CLERK OFFICE
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET, RM. C-151
NEW ORLEANS LA 70130